**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHRISTOPHER FELKER and
LINDA FELKER,

    Plaintiffs,

vs.                                                                            CASE NO. 3:10-cv-459-J-32TEM

ANDREA ZAMPATTI,

    Defendant.
_____

## O R D E R

This case is before the Court on the Plaintiffs' Motion to Compel Non-Party Production of Documents (Doc. #15, Motion to Compel), filed February 17, 2011. Plaintiffs assert that Dr. Roger Davis, Ph.D., who conducted a State court ordered psychological evaluation of Defendant, has not responded to Plaintiffs' Rule 45 subpoena for documents.[1] The certificate of service for the instant motion indicates service was provided to Defendant's counsel and to Dr. Roger Todd Davis, Ph.D. To date, no response to the instant motion has been filed and the period for any response has expired. *See* M.D. Fla. Loc. R. 3.01(b).

There is no evidence in the file indicating that Defendant or Dr. Davis has supplied Plaintiffs with the information sought through the subpoena. Moreover, Defendant has not filed a response in opposition to the Motion to Compel.

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th

---

[1] The Court is advised the psychological evaluation was ordered in a criminal case pending in State court.

Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *Id.*

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). By all accounts, the sought information is relevant and material to the disputes in this litigation.

However, on the facts of this case, the Court finds the discovery material produced pursuant to this Order will likely be highly personal and confidential material. As such, the Court finds good cause for entry of a protective order under Fed. R. Civ. P. 26(c).

Accordingly, upon due consideration, it is hereby **ORDERED:**

Plaintiffs' Motion to Compel (Doc. #15) is **GRANTED**. Dr. Roger Davis, Ph.D., shall produce all documents in his possession, custody or control that are responsive to the referenced subpoena that is the subject of this motion. Compliance is ordered **within ten (10) days** of the date of this Order.

**IT IS FURTHER ORDERED** that all discovery responses and materials provided under this Order shall remain confidential to the parties, the legal counsel of record and legal support staff in this case. The use of the information provided pursuant to this Order is **strictly limited** to the instant litigation. Failure to adhere to the terms of this Court imposed protective order may lead to the imposition of sanctions on the non-compliant party or individual.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of March, 2011.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
All counsel of record

Roger Todd Davis, Ph.D.
The Boswell Center for Life Enrichment
60 Ocean Blvd., Ste. 8
Atlantic Beach, FL 32233