**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHRISTOPHER FELKER and
LINDA FELKER,

       Plaintiffs,

vs.                                                 Case No. 3:10-cv-459-J-32TEM

ANDREA ZAMPATTI,

       Defendant.

## ORDER

Plaintiffs, Christopher Felker and his wife, Linda Felker, filed suit against Defendant, Andrea Zampatti, claiming negligence, battery, and loss of consortium. This case is before the Court on Plaintiffs' motion for partial summary judgment. (Doc. 30.) The Court considers Plaintiffs' motion and exhibits and Zampatti's response and exhibits. (Docs. 30, 34, 43, and 44.) The Court also held a hearing on January 25, 2012. (Doc. 42.)

I.   **Background**

On the morning of April 23, 2010, Zampatti was driving southbound on A1A, when she struck and injured Christopher Felker, who was riding his bicycle in the right most portion of southbound A1A. (Docs. 30 at 1-2, 34 at 1.) An eyewitness to the incident, Michael Fann, testified that he saw Zampatti's vehicle swerve and hit Mr. Felker from behind. (Doc. 30-2.) However, apparently neither Zampatti nor Mr. Felker have any recollection of the accident. (Docs. 34 at 2, 34-1 at 33.)

On May 27, 2010, Plaintiffs filed a complaint against Zampatti in this Court alleging

damages arising out of the injuries sustained by Mr. Felker.  (Doc. 1.)  Plaintiffs alleged counts for negligence (Count I); battery (Count II); and two counts for loss of consortium (Counts III and IV).  (Doc. 1 at 3-4.)  Plaintiffs move for partial summary judgment as to Zampatti's liability for Counts I and III, negligence and related loss of consortium, respectively.  (Doc. 30.)

## II.      Discussion

Summary judgment is proper "when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1314 (11th Cir. 2011); Fed. R. Civ. P. 56(a), (c).  The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).  All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party.  Ramos-Barrientos v. Bland, 661 F.3d 587, 594 (11th Cir, 2011).

Plaintiffs claim that the undisputed facts establish that Zampatti breached her duty of reasonable care toward Mr. Felker.  (Doc. 30 at 4.)  Plaintiffs assert that if summary judgment is granted as to Count I for negligence, then summary judgment is also appropriate as to Count III, the related loss of consortium claim.  (Id. at 6.)  In opposition, Zampatti contends that she was insane at the time of the accident and cannot be held liable for her

actions (Doc. 34 at 3); however, Plaintiffs argue that Zampatti's mental state at the time of the incident is not a defense to negligence, because "sanity or insanity is irrelevant to liability" for unintentional torts under Florida law (Doc. 30 at 5).

Under Florida law, the general rule is that insane persons are responsible for their own negligence, despite their mental incapacity.[1] See Mujica, 582 So. 2d at 25; Anicet, 580 So. 2d at 275; Kaczer v. Marrero, 324 So. 2d 717, 719 (Fla. 3d DCA 1976). Zampatti cites no contrary Florida law in her response in opposition, instead citing only Georgia case law, which she concedes does not apply. (Doc. 34 at 4 ("Florida substantive law applies to this case.").) Thus, Zampatti may not assert insanity as a defense to Plaintiffs' claims that are based upon negligent conduct.[2]

Zampatti also asserts that she was involuntarily drugged by her boyfriend at the time of the incident. (Doc. 34 at 2.) Thus, she raises the potential defense that she had a sudden and unforeseeable loss of consciousness at the time of the accident and cannot be held liable for negligence. (Doc. 43.)[3] Plaintiffs, however, maintain that there is no evidentiary support for this defense. (Doc. 44.)

---

[1] An exception to this general rule applies if the injured person voluntarily engaged in an encounter with the tortfeasor in which an injury could result; however, this exception does not apply to this case. See Mujica v. Turner, 582 So. 2d 24, 25 (Fla. 3d DCA 1991); Anicet v. Gant, 580 So. 2d 273, 277 (Fla. 3d DCA 1991).

[2] The Court was not asked to decide this issue as to the battery and related loss of consortium claims.

[3] Although Zampatti did not raise this as an affirmative defense, Florida law does not appear to require she do so. Plaintiffs, in their supplemental authority in support of their motion for partial summary judgment, did not contend otherwise.

3

A sudden and unforeseeable loss of consciousness is a defense to negligence under Florida law. See e.g., Abreu v. F.E. Dev. Recycling, Inc., 35 So. 3d 968, 968 (Fla. 5th DCA 2010) ("As a general rule, the operator of an automobile . . . who unexpectedly loses consciousness or becomes incapacitated is not chargeable with negligence as a result of his or her loss of control.") To establish the defense, Zampatti must prove that: (1) she suffered a loss of consciousness; (2) the loss of consciousness occurred prior to her allegedly negligent conduct; (3) the loss of consciousness was sudden; and (4) the loss of consciousness was neither foreseen, nor foreseeable. Id. at 969. Because, for the reasons stated at the hearing, the Court is unable to grant Plaintiffs summary judgment as to liability, and because of the unusual circumstances of the case, the Court will give Zampatti some additional time to develop this defense as set forth below.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiffs' Motion for Partial Summary Judgment (Doc. 30) is **GRANTED IN PART AND DENIED IN PART**. Summary judgment is granted to the extent that Zampatti may not offer evidence of her mental incapacity in defense of Counts I and III at trial, but is otherwise denied without prejudice.

2. No later than **April 2, 2012**, Zampatti must serve and file any additional factual support for her loss of consciousness defense. Plaintiffs are also immediately entitled to pursue any other discovery on the loss of consciousness issue. Following April 2, 2012, Zampatti shall make herself available for Plaintiffs to take her deposition. Even if Zampatti

is still facing criminal charges on April 2, 2012, she must submit herself to deposition and, if necessary, assert her Fifth Amendment privilege.

    3.  By separate Order, the Court will reset the pretrial and trial dates.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of February, 2012.

                                               TIMOTHY J. CORRIGAN
                                               United States District Judge

jk.
Copies:

counsel of record