UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**CHRISTOPHER FELKER** and
**LINDA FELKER**

      *Plaintiffs,*

v.

**ANDREA ZAMPATTI**

      *Defendant.*

                                 /

CASE NO:  3:10-CV-459-J-32TEM

## DEFENDANT, ANDREA ZAMPATTI'S, THIRD MOTION IN LIMINE
### (Klonopin Medication Guide)
(with incorporated memorandum of law)

Defendant, ANDREA ZAMPATTI, by and through the undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby respectfully requests this Court to enter an Order prohibiting admission of a "medication guide" regarding Klonopin and in support thereof states:

1. Plaintiffs have filed a lawsuit, seeking recovery of damages for an injury Plaintiffs relate to an accident involving a vehicle operated by Defendant Andrea Zampatti.

2. Plaintiffs are seeking punitive damages based on an allegation that Defendant unilaterally terminated use of the medication Klonopin, for which she had previously been given a prescription.

3. Plaintiffs have noticed an intention to introduce into evidence as an exhibit a medication guide regarding the use of Klonopin.

4. The document, which includes general information about the medication, was obtained by Plaintiffs' counsel. The document does not specifically relate to Defendant. (She was asked about the document at her deposition and merely stated

that it was possible that she received something similar at the time that she filled one of her prescriptions.) The document is, therefore, not relevant in that it does not relate specifically to Defendant.

5. Additionally, the document contains hearsay, and Defendant would be unfairly prejudiced by not being able to confront and cross-examine the author of the document, which was presumably printed off of the internet by Plaintiffs' counsel. See Federal Rule of Evidence 403, 801.

6. Further, the admission of this document would be unfairly prejudicial in that may confuse and/or mislead the jury. See Federal Rule of Evidence 403. See, e.g., Cross v. Wyeth Pharmaceuticals, 2011 WL 2517211 (M.D. Fla. 2011).

7. Any probative value would be greatly outweighed by the prejudice to Defendant if this document is admitted into evidence. See Federal Rule of Evidence 403.

WHEREFORE, Defendant respectfully requests this Court to enter an Order prohibiting Plaintiffs from offering into evidence the medication guide for Klonopin.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), I hereby certify that I have conferred with Galen Bauer, Esq., counsel for Plaintiffs, who indicated that he does object to the relief requested herein.

**THE ROEBUCK LAW OFFICE**

*/s/ Alexis M. Clay*
**Raymond L. Roebuck, Esq.**
Florida Bar No.: 903078
**Alexis M. Clay, Esq.**
Florida Bar No.: 068499
800 Water Street, Suite 301
Jacksonville, Florida 32204
Telephone: (904) 596-9040
Facsimile: (904) 596-9041
Email: rroebuck@roebucklaw.com
aclay@roebucklaw.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed with the CM/ECF system of the United States District Court, Middle District of Florida, which will send an electronic notice of filing to all counsel in this case this 19th day of April, 2013.

*/s/ Alexis M. Clay*
ATTORNEY

3